**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-60739
(Summary Calendar)
_____

ARBON G. LIZANA,

Plaintiff-Appellant,

versus

STEVE PUCKETT; JAMES ANDERSON; ANN LEE;
JOAN ROSS; ANTHONY COX; WINFRED HILL; FLOYD BASS;
SGT. SMITH; SGT. SPICES; SGT. JOHNSON; PAM ROBERTSON;
CASE MGR. BARNETT; CASE MGR. WATSON; CASE MGR. PRESLEY;
CASE MGR. BEASLEY; CASE MGR. JOHN,

Defendants-Appellees.

---------------------

Appeal from the United States District Court
for the Northern District of Mississippi
(USDC No. 4:96-CV-80-D-B)
---------------------
May 26, 1997
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

I

IFP

Arbon G. Lizana, Mississippi prisoner # 40942, submitted a

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

motion to this court for leave to appeal in forma pauperis (IFP) in his appeal from the dismissal of his 42 U.S.C. § 1983 lawsuit. The motion for leave to proceed IFP is GRANTED. The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Lizana does not have funds for immediate payment of this fee, he is assessed a partial filing fee of $4 in accordance with 28 U.S.C. § 1915(b)(1). Following the payment of the partial filing fee, funds shall be deducted from Lizana's prisoner account until the full filing fee is paid. Id.

IT IS ORDERED, therefore, that Lizana authorize the appropriate prison authorities to withdraw the initial partial filing fee from his prison trust fund account in accordance with the procedures required by the prison and to forward payment of the initial partial filing fee to the clerk of the district court for the Northern District of Mississippi. The initial partial filing fee must be received by the clerk of the district court within 30 days from the date of this opinion.

IT IS FURTHER ORDERED that the agency having custody of Lizana's inmate account shall, in accordance with 28 U.S.C. § 1915(b)(2), collect the remainder of the $105 filing fee and forward to the Clerk of the District Court for the Northern District of Mississippi monthly payments of 20 percent of the preceding month's income each time that the amount in Lizana's

2

account exceeds $10.

MERITS

Lizana contends that he was unfairly found guilty of participating in a prison riot in 1995. Lizana alleges that the defendants, who include the reporting officer, supervisory personnel, and prison discipline committee members at the Mississippi Department of Corrections, conspired to find him guilty of this infraction. Lizana alleges further that there is no evidence supporting the disciplinary committee's decision. Lizana also alleged that since 1995, he has been subjected to cruel and inhuman conditions of confinement.

The finding of guilt in Lizana's prison disciplinary proceeding is supported by sufficient evidence. See Gibbs v. King, 779 F.2d 1040, 1045 (5th Cir. 1986)(A finding of guilt in a prison disciplinary proceeding requires only the support of some facts or any evidence at all). Lizana's due process claims relate to his confinement in lockdown status, and the prison officials' refusal to upgrade his status do not state a cognizable § 1983 violation. Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). Lizana's Eighth Amendment allegations regarding the conditions of his confinement do not amount to "wanton and unnecessary infliction of pain," or exposure to egregious physical conditions that deprive him of basic

3

human needs.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Lizana's conclusional allegations of conspiracy are insufficient to state a claim under 42 U.S.C. § 1983.  Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  We conclude that the district court did not err in dismissing Lizana's § 1983 lawsuit.

III

CONCLUSION

For the foregoing reasons, Lizana's motion for IFP is granted, subject to continued payment as set forth above, and the decision of the district court is affirmed.

IFP GRANTED; judgment AFFIRMED.

4